UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE R. THOMAS,

       Petitioner,                Civil Action No. 18-CV-11620
                                     HON. GEORGE CARAM STEEH
v.                                    UNITED STATES DISTRICT JUDGE

TONY TRIEWEILER,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE
PETITION FOR A WRIT OF HABEAS CORPUS AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Andre R. Thomas, ("Petitioner"), confined at the Bellamy Creek

Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions

for three counts of assault with intent to commit murder, Mich. Comp. Laws

§ 750.83, intentional discharge of a firearm at a dwelling or occupied

structure, Mich. Comp. Laws § 750.234b, felony-firearm, Mich. Comp.

Laws § 750.227b, and felon in possession of a firearm, Mich. Comp. Laws

§ 750.224f.  Respondent filed a motion to dismiss the petition, on the

ground that it was not timely filed in accordance with the statute of

-1-

limitations contained in 28 U.S.C. § 2244 (d)(1).  For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.  Direct review of petitioner's conviction ended in the Michigan courts on May 2, 2016, when the Michigan Supreme Court denied petitioner leave to appeal after the Michigan Court of Appeals affirmed his conviction on his appeal of right. *People v. Thomas,* 499 Mich. 914, 877 N.W.2d 729 (2016).

On August 4, 2016, petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *People v. Thomas,* No. 13-006765-01-FC (Wayne County Circuit Court, Nov. 9, 2016).  On August 4, 2017, petitioner filed his delayed application for leave to appeal with the Michigan Court of Appeals. The Michigan Court of Appeals dismissed petitioner delayed application for leave to appeal for being untimely because it was filed beyond the six month time period to file an appeal. *People v. Thomas*, No. 339584 (Mich. Ct. App. Sept. 26, 2017).  Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. *See* ECF 6-20.  Petitioner filed

an unsigned and undated petition for a writ of habeas corpus on May 21, 2018.

Respondent filed a motion to dismiss the petition on statute of limitations grounds on November 28, 2018.

## II. Discussion

Respondent has filed a motion to dismiss the petition for a writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). Otherwise, a petition for a writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

In the present case, the Michigan Supreme Court denied petitioner's application for leave to appeal on direct review on May 2, 2016.

If a petitioner appeals to the Michigan Supreme Court, but does not

petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup.Ct. R. 13.

Petitioner's judgment became final on July 31, 2016, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). The statute of limitations began the next day, August 1, 2016. Absent state collateral review, petitioner would have been required to file his petition for a writ of habeas corpus with this Court no later than August 1, 2017 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001)*.*

Petitioner filed his post-conviction motion for relief from judgment with the state trial court on August 4, 2016, after three days had elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides

that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d at 836. The trial court denied petitioner's motion for relief from judgment on November 9, 2016.

Petitioner filed his post-conviction application for leave to appeal to the Michigan Court of Appeals on August 4, 2017. The Michigan Court of Appeals rejected the appeal because it was filed beyond the six month time limit for filing such an appeal.

A habeas petitioner is entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) for the time that he could have appealed the denial of a state post-conviction motion, even if the petitioner never filed an appeal. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). Under M.C.R. 7.205(F), petitioner had six months to file a delayed application for leave to appeal following the denial of his motion for relief from judgment on November 9, 2016. The tolling would have ended pursuant to 28 U.S.C. § 2244(d)(2) on May 9, 2017, when the time period to file an appeal expired.

Petitioner's untimely application for leave to appeal to the Michigan

Court of Appeals, filed after the expiration of the 6 month time period for petitioner to file his appeal, would not toll the limitations period. "[U]ntimely state collateral attacks are not properly filed and do not toll the statute of limitations." *Raglin v. Randle*, 10 F. App'x 314, 315 (6th Cir. 2001).

Petitioner's limitations period began running again on May 9, 2017. Petitioner had 362 days remaining to file his petition, which would have been no later than May 6, 2018. The petition was untimely because it was filed on May 21, 2018.[1]

However, the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624

---

[1]Although under the prison mailbox rule, a Court can assume that a habeas petitioner filed his habeas petition on the date that it was signed and dated, *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999), petitioner did not sign and date his petition. Accordingly, the Court must consider the petition filed on the date it was actually filed. *See, e.g., Beaumont v. Bottom*, No. 3:13CV-P1158-H, 2014 WL 2548103, at *1, fn.1 (W.D. Ky. June 5, 2014).

F.3d 781, 784 (6th Cir. 2010).  The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *Id.*

Petitioner did not file a response to the motion to dismiss.  In his petition, *See* ECF Pg ID 6, as well as in an affidavit that he submitted with his untimely post-conviction appeal to the Michigan Court of Appeals, petitioner claimed that he accidentally sent his application for leave to appeal to the Wayne County Circuit Court by mistake on May 5, 2017, which was received by that court on May 10, 2017. *See* Affidavit of Andre R. Thomas, dated September 16, 2017, ECF 6-19, Pg ID 1530-31.

Assuming that petitioner mistakenly sent his application for leave to appeal to the Wayne County Circuit Court and not to the Michigan Court of Appeals, he would not be entitled to equitable tolling of the limitations period, because petitioner's mistake in sending his post-conviction appeal to the wrong address or forum was not an extraordinary circumstance that would toll the limitations period, but was simply a "garden variety claim of excusable neglect" that would not justify equitable tolling. *See Gutierrez v. California,* 411 F. App'x 952, 953 (9th Cir. 2011)(state prisoner's confusion about proper address of state court of appeal was not an extraordinary

circumstance that would warrant equitable tolling of the limitations period for his writ of habeas corpus); *U.S. v. Kirkham*, 367 F. App'x 539, 541-43 (5th Cir. 2010)(federal defendant's error of sending his § 2255 motion to vacate sentence to a state court rather than to the federal district court was, at best, a "garden variety" claim of excusable neglect, and thus was insufficient to justify equitable tolling of the deadline for filing his motion); *Hill v. Jones*, 242 F. App'x 633, 636-37 (11th Cir. 2007)(circumstances surrounding error in misaddressing the notice of appeal, that caused prisoner's state habeas appeal to be filed untimely, were not sufficiently extraordinary, such that equitable tolling of the one-year statute of limitations for seeking federal habeas relief was warranted; error was both within prisoner's control and avoidable by him with even minimal diligence, and there was no evidence that filing delay was a consequence of malfeasance on the part of the state); *Bunting v. Phelps*, 687 F. Supp. 2d 444, 448 (D. Del. 2009)(petitioner's act of filing state post-conviction motion in wrong court did not justify equitable tolling).  Moreover, assuming that petitioner had mailed his post-conviction appeal to the Wayne County Circuit Court, that court was under "no duty to facilitate the proper filing of" petitioner's application with the Michigan Court of Appeals. *Kirkham,* 367 F.

App'x at 543.

However, the one year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.*  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329).  In determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332).  For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Although petitioner challenges the legal sufficiency of the evidence to convict him, petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. For purposes of tolling the limitations period, "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

### III.  Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal

is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of

the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 745, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: February 19, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 19, 2019, by electronic and/or ordinary mail and also on Andre R. Thomas #778308, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk

-13-